IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFF SIMMONS,<br>      Plaintiff, | )<br>)<br>)<br>) |
| v. | ) Civil Action No. 07-574<br>)<br>)<br>) |
| CARLA RUBINO,<br>      Defendant. | )<br>)<br>) |

ORDER

On April 30, 2007, defendant Carla Rubino ("defendant Rubino") filed a Notice of Removal pursuant to 28 U.S.C. § 1446(b) seeking that this civil action filed by plaintiff Jeff Simmons ("plaintiff Simmons") alleging state law claims of defamation (slander) and defamation (slander per se) against defendant Rubino in the Court of Common Pleas of Beaver County be removed to federal court.  (Doc. No. 1).  On May 2, 2007, defendant Rubino filed a Motion to Consolidate this Case and Civil Action No. 07-548, another case in this district in which defendant Rubino is suing Ridgeview Academy Charter School and various other defendants, including plaintiff Simmons, in connection with allegations of employment discrimination that implicate the federal employment discrimination statutes.  (Doc. No. 2).

On May 8, 2007, plaintiff Simmons filed a Petition to Remand.  (Doc. No. 3).  On May 11, 2007, the court ordered defendant Rubino to file a response to plaintiff Simmons' Petition to Remand on or before May 25, 2007.  On May 25, 2007, defendant Rubino filed a Response to

Plaintiff's Petition for Remand.  (Doc. No. 4).

In plaintiff Simmons' petition for remand, plaintiff Simmons asserts that defendant Rubino's notice of removal was filed forty-one (41) days after defendant Rubino was served with the Complaint.  (Doc. No. 3).  The exhibits to the petition to remand establish that defendant Rubino was served with the Complaint on March 19, 2007, and that defendant Rubino, through counsel, filed the notice of removal on April 30, 2007, forty-two (42) days after the Complaint was served.  See FED. R. CIV. P. 6(a).

Upon a motion to remand, the defendant has the burden to establish the propriety of removal and all doubts must be resolved in favor of remand.  Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)("The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'")(quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)(citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir.1985)), cert. dismissed sub nom. American Standard v. Steel Valley Auth., 484 U.S. 1021(1988))).  Pursuant to 28 U.S.C. § 1446(b):

> (b) The notice of removal of a civil action or proceeding shall be filed **within thirty days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. 1446(b)(emphasis added).

In this case, defendant Rubino does not dispute the documentary evidence submitted by plaintiff Simmons in support of the argument that the notice of removal was untimely filed.

Defendant Rubino, on the contrary, admits that the notice of removal was untimely filed. (Doc. No. 4). Defendant Rubino seeks that the court exercise its discretionary powers to permit the untimely filing of the notice of removal. Id. Defendant Rubino, however, does not point to any legal authority in support of her argument that the court has discretionary powers to permit untimely filed notices of removal. The mere fact that defendant Rubino has filed a case in this district which defendant Rubino asserts involves related allegations, without more, does not give this court grounds for allowing an untimely notice of removal. Because the removal statutes are to be strictly construed, because defendant Rubino has not met her burden to show the propriety of removal, and because the court finds that the evidence of record establishes that the notice of removal was untimely filed, the court will grant plaintiff Simmons' petition to remand. The court need not reach the issue whether, even if the notice of removal was timely filed, there are appropriate grounds for federal court jurisdiction.

In light of the foregoing, it is **HEREBY ORDERED** that plaintiff Simmons' petition to remand (Doc. No. 3) is **GRANTED** and the above-captioned case is **REMANDED** to the Court of Common Pleas of Beaver County, Pennsylvania, **FORTHWITH**. Defendant Rubino's motion to consolidate this case with Civil Action No. 07-548 (Doc. No. 2) is **DENIED**. The Clerk of Court shall mark this case closed.

By the court,

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Dated:   June 5, 2007
cc:      Counsel of Record